Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ANDREW JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOP LINE REPORTING INC., CARLTON EQUITIES LLC, EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No.: 2:25-cv-01913-APG-BNW <br><br> **STIPULATION TO AMEND COMPLAINT UNDER FRCP 15(a)(2); PROPOSED ORDER** |

Plaintiff, James Andrew Jackson ("Plaintiff") and Defendants, Top Line Reporting, Inc. and Equifax Information Services, LLC ("Defendants"), stipulate under Fed. R. Civ. P. 15(a)(2) as follows:

1. Plaintiff has become aware of an error in the original Complaint [ECF No. 1], wherein Plaintiff incorrectly identifies "Carlton Equities LLC" as a Defendant.

2. After service of the incorrect entity and further research, Plaintiff alleges that the correct entity name is "Carlton Equities Limited."

3. Plaintiff and Defendants conferred regarding this error and agreed to allow Plaintiff to amend the Complaint to correct the party name.

4. As a result, Plaintiff and Defendants approve the filing of the First Amended Complaint, attached to this Stipulation as **Exhibit 1**.

///

///

5. Plaintiff and Defendants further stipulate that Plaintiff may have an additional thirty (30) days from the date of the Order in which to serve Carlton Equities Limited.

Dated: December 30, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
*Attorney for Plaintiff*

Dated: December 30, 2025

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Sean P. Flynn*
Sean P. Flynn
*Attorneys for Defendant*
*Top Line Reporting, Inc.*

Dated: December 30, 2025

**CLARK HILL PLLC**

*/s/ Gia N. Marina*
Gia N. Marina
*Attorney for Defendant*
*Equifax Information Services, LLC*

### [PROPOSED] ORDER

According to the Stipulation of the parties under Fed. R. Civ. P. 15(a)(2), and finding good cause therefore, the Court ORDERS that Plaintiff may file the First Amended Complaint attached to the parties' stipulation.

IT IS FURTHER ORDERED that Plaintiff has thirty days from the date of this Order to serve the First Amended Complaint on Carlton Equities Limited.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 5, 2026

Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ANDREW JACKSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOP LINE REPORTING INC., CARLTON EQUITIES LIMITED, EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | Case No.: 2:25-cv-01913-APG-BNW <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff, James Andrew Jackson, Jr. ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Top Line Reporting Inc. ("Top Line"), Carlton Equities Limited ("Carlton"), and Equifax Information Services, LLC ("Equifax"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual who resides in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Top Line is a foreign corporation doing business in the State of Nevada.

8. Top Line is an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b) and 12 C.F.R. § 1022.41(c).

9. Carlton is a foreign stock corporation doing business in the State of Nevada.

10. Carlton is an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b) and 12 C.F.R. § 1022.41(c).

11. Equifax is a foreign limited-liability company doing business in the State of Nevada.

12. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

13. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

14. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

## FACTS

15. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

16. Plaintiff is a veteran of the US Armed Forces and a victim of mixed or merged credit reporting from another consumer with the same or a similar name.

17. On or about March 2025, Plaintiff reviewed his Equifax consumer credit disclosure and learned that Defendants reported an account that does not belong to him.

18.     Specifically, Top Line, Carlton, and Equifax report an alleged consumer rental account ending in 2616 for "Carlton Equities" for a rental property in Petersburg, Virginia, with an alleged balance of $3,719 (the "Merged Account").

19.     On information and belief, Carlton is a property manager for the alleged rental property debt upon which the Merged Account is based.

20.     On information and belief, Carlton hired Top Line as an agent to report the Merged Account on Plaintiff's Equifax credit profile.

21.     Both Carlton and Top Line's names appear on the Merged Account on Plaintiff's Equifax credit profile.

22.     Top Line's website (www.toplinereporting.com) (the "Website") states that Top Line engages in "rent reporting services" for real estate owners.

23.     The Website further states that Top Line is an "accredited credit reporting company dedicated to catering exclusively to multifamily property owners and management companies."

24.     Upon learning of the Merged Account, Plaintiff immediately contacted Top Line, whose contact information appears on the credit tradeline, who told Plaintiff that the Merged Account belonged to a "James L. Jackson," and provided Plaintiff with a ledger with this separate consumer's information.

25.     Plaintiff advised Top Line that his middle name is Andrew (not a middle name beginning with an "L."), that he lives in Las Vegas, Nevada (not Virginia), and that he did not rent a property from Carlton during the timeframe in the ledger, but Top Line and Carlton failed to take any action to release the Merged Account or remove it from Plaintiff's Equifax profile.

26.     Between March 2025 and August 2025, Plaintiff submitted six (6) detailed written disputes to Equifax, listing the Merged Account, providing his identity documents showing his true name and address, and demanding correction (the "Dispute Letters").

27.     Despite receiving the Dispute Letters, Defendants failed to block and remove the Merged Account from Plaintiff's credit report within thirty (30) days of receipt of the Dispute Letters.

28. Equifax failed to investigate or review the disputed information from Plaintiff with the Top Line, Carlton, or any other party.

29. Upon receipt of the Dispute Letters, the Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

30. Defendants failed to conduct a lawful investigation of the Merged Account on Plaintiff's credit reports.

31. A simple investigation that included reviewing the middle name and address on the Merged Account against the Dispute Letters with Plaintiff's driver's license would have shown Defendants that the Merged Account belongs to another consumer with a similar name.

32. Having procedures with which to match middle names and/or addresses with tradelines would have prevented the false reporting in this case.

33. Defendants either have this simple procedure in their policies and did not follow it, or failed to have any reasonable procedures to match a middle name or address.

34. In failing to delete the Merged Account, Defendants continue to report inaccurate information in violation of the FCRA.

35. In failing to delete the Merged Account, Defendants provide misleading information on Plaintiff's credit report in violation of the FCRA.

36. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

37. As a direct and proximate result of Defendants' violations, Plaintiff secured a mortgage refinance with the Merged Account on his Equifax credit profile, which hindered his terms and led to the disclosure of the Merged Account to a third party.

38. As a direct and proximate result of Defendants' violations, Plaintiff was forced to delay consumer loans.

39. As a direct and proximate result of Defendants' violations, Plaintiff suffered emotional distress and mental anguish.

40. As a direct and proximate result of Defendants' violations, Plaintiff suffered lost time spent disputing the inaccurate information on his credit profiles.

41. As a direct and proximate result of Defendant's violations, Plaintiff incurred unnecessary mailing expenses.

42. As a direct and proximate result of Defendants' violations, Plaintiff suffered a concrete informational injury and deprivation of his right to privacy and accuracy.

43. The acts and omissions herein of the individuals employed by Defendants, and the other individuals employed as agents of Defendants as further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants.

44. The acts and omissions by these individuals were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants.

45. By committing these acts and omissions against Plaintiff, these individuals were motivated to benefit their principals, Defendants.

46. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax]**

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

49. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damages as described above.

50. Equifax' acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

51. In the alternative, Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

52. As a direct and proximate result of the above-referenced violations by Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

53. Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

54. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

55. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Equifax]**

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

58. As a direct and proximate result of this conduct by Equifax, Plaintiff suffered, and continues to suffer, damages as described above.

59. Equifax's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

60. Plaintiff is entitled to recover costs and attorneys' fees from Equifax in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

///

///

## THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681s-2(b) against Top Line and Carlton]**

61. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

62. Top Line and Carlton violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit file with Equifax; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Equifax accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct their own internal records to prevent the aforementioned violations.

63. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, the damages as referenced above.

64. Top Line and Carlton's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

65. In the alternative, Top Line and Carlton were negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. As a direct and proximate result of the above-referenced violations by Top Line and Carlton, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

67. Plaintiff is entitled to recover costs and attorneys' fees from Top Line and Carlton in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

68. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

69. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## PRAYER FOR RELIEF

70. **WHEREFORE,** Plaintiff prays for relief as follows:

- For an award of actual damages;

- For an award of statutory damages;
- For an award of punitive damages;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief;
- An order requiring the Defendants to:
    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the Defendants reported consumer credit information; and
    b. send updated and corrected credit report information to all persons and entities to whom the Defendants reported inaccurate information about Plaintiff
- For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

71. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: December 30, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***